## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KAROLE LINDGREN,

   *Plaintiff,*

  vs.

KANSAS ANIMAL HEALTH
DEPARTMENT,

   *Defendant.*

Case No. 11-4031-EFM

## MEMORANDUM AND ORDER

  Presently before the court is defendant Kansas Animal Health Department's motion to dismiss (Doc. 8) and plaintiff Karole Lindgren's motion to amend the complaint (Doc. 19). For the following reasons, the court grants defendant's motion and denies plaintiff's.

### I. Background

  Plaintiff Karole Lindgren filed a *pro se* complaint against defendant Kansas Animal Health Department on March 24, 2011. Defendant filed a motion to dismiss on April 21, 2011. Plaintiff failed to file a written response to defendant's motion, but did file a motion to amend the complaint on May 31, 2011.

  It appears plaintiff is alleging various claims under 42 U.S.C. § 1983. Her original complaint stated only general allegations about the alleged violation, namely that "due process

was not given [ ]there was no hearing as required by statute."[1]  Plaintiff's amended complaint does little to shed additional light on the basis of her claim.  Specifically, Plaintiff claims that her due process rights were denied on March 24, 2009, when defendants "refused to acknowledge the sincere request of a Kansas licensed attorney for a continuance of hearing due to her inflexible schedule as a Kansas agricultural lobbist [sic]."[2]  Plaintiff makes a few other statements concerning her alleged violation of rights from the March 24, 2009 incident. Nonetheless, the basic tenants of her claim (i.e., who, what, when, where, why) are still unclear.

## II.  Analysis

1.  <u>Failure to State a Claim</u>

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face.[3]  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[4]  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff.[5]  Conclusory allegations, however, have no bearing upon the court's

---

[1] Doc. 1.

[2] Doc. 19.

[3] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).

consideration.[6]  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.[7]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8]  However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[9]  "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[10]

In this case, Plaintiff's initial and proposed amended complaint utterly fail to meet the proper pleading standard.  The amended complaint simply does not give sufficient detail to alert the defendants as to the nature of the lawsuit.  As such, it must be dismissed.

2.    Immunity

The Defendant argues that Plaintiff's claims under  42 U.S.C. § 1983 and any related statutes are precluded by the Eleventh Amendment.  This court agrees.  The Eleventh Amendment bars private parties from suing an unconsenting state in federal court unless Congress has unequivocally abrogated the state's constitutional sovereign immunity or unless the state has waived the immunity.[11]  Eleventh Amendment immunity extends to state agencies.[12]

---

[6] *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

[7] *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

[8] *Hall*, 935 F.2d at 1110.

[9] *Id.*

[10] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[11] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40 (1985); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).

[12] *Ross v. Bd. of Regents of the Univ. of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010).

The Kansas Animal Health Department is a state agency and thus immune from Plaintiff's claims.  Accordingly, all of Plaintiff's claims pursuant to § 1983 liability are dismissed.

3.     <u>Personal Participation</u>

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."[13]  The doctrine of respondeat superior does not apply, so a litigant may not obtain relief from an official based solely on his or her capacity as a supervisor or right to control employees.[14]  Rather, "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."[15]

Plaintiff lists two additional defendants individually in body of her amended complaint. Nonetheless, she alleges no facts showing any of the named defendant's personal participation in the alleged violation of her constitutional rights.  Accordingly, plaintiff's claims against the named defendants are dismissed for failure to allege facts showing personal participation.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 8) is GRANTED and Plaintiff's Motion to Amend Complaint (Doc. 19) is DENIED AS MOOT.

---

[13] *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

[14] *Se Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000).

[15] *Fogarty v. Gallegos*, 523 F.3d 1147, 1527 (10th Cir. 2008).

**IT IS SO ORDERED**.

Dated this 25th day of August, 2011.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE